IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

WILLIE LEE ALEXANDER,

    Plaintiff,

vs.

KRISTI N. KNUCLES, et al.,

    Defendants.
_____/

No. C 13-4228 SBA (PR)

**ORDER OF SERVICE**

## **INTRODUCTION**

Plaintiff, a state prisoner who is currently incarcerated at Kern Valley State Prison, filed a pro se civil rights action pursuant to 42 U.S.C. § 1983 alleging various constitutional violations that occurred in 2012 while he was incarcerated at Salinas Valley State Prison ("SVSP"). Plaintiff also seeks leave to proceed in forma pauperis, which will be granted in a separate Order. Venue is proper because the events giving rise to the claim are alleged to have occurred at SVSP, which is located in this judicial district. See 28 U.S.C. § 1391(b). In his complaint, Plaintiff names the following Defendants at SVSP: Warden A. Hedgpeth; Lieutenant R. Parin; Sergeant M. Thomas; Captains D. Asuncion and N. Walker; and Correctional Officers Kristi N. Knucles and M. Barroso. Plaintiff seeks monetary damages.

## **DISCUSSION**

### **I.   Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. Id. § 1915A(b)(1), (2). Pro se pleadings must be liberally construed. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was

violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988).

**II.    Legal Claims**

    **A.    Deliberate Indifference to Safety**

A prison official is deliberately indifferent if he or she knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it.  Farmer v. Brennan, 511 U.S. 825, 837 (1994).  The testt for deliberate indifference consists of two parts, an objective prong and a subjective prong.  Clement v. Gomez, 298 F.3d 898, 904 (9th Cir. 2002).  First, the alleged deprivation must be, in objective terms, "sufficiently serious . . . ."  Farmer, 511 U.S. at 834.  Second, the subjective component requires that the prison official must "know [ ] of and disregard[ ] an excessive risk to inmate health or safety . . . ."  Id. at 837.

Plaintiff claims that on June 1, 2012, he was informed by Defendant Thomas that "[his] life was in jeopardy if he were to remain[] on B-Yard facility" of SVSP.  Compl. at 3b.  Plaintiff was removed from B-Yard facility and placed in administrative segregation.  Id.  Plaintiff was then housed in C-Yard facility "while the investigation continued on the allege[d] threat on [his] life from B-Yard facility."  Id.

Plaintiff alleges that on July 19, 2012, Defendants Knucles and Barroso "submitted a [CDC-]154[1] (bedmove) from C-Yard facility back to B-Yard facility [despite] 'knowing of [his] situation,' [and] once [he was] returned back to B-Yard [Plaintiff] was assaulted within minuets [sic] and received stitches and a concussion."  Id. (footnote added).  Liberally construed, the allegations of the complaint state a claim under § 1983 for deliberate indifference to Plaintiff's safety in violation of his Eighth Amendment rights.  Plaintiff has alleged facts sufficient to link the following Defendants to his claim:  Thomas, Knucles and Barroso.

    **B.    Supervisory Liability**

Certain of the Defendants named by Plaintiff are supervisors; namely Defendants

---

[1] A "CDC-154" is a medical transport form.

2

Hedgpeth, Parin, Asuncion and Walker. Plaintiff does not claim that these particular Defendants personally violated his constitutional rights. Rather, Plaintiff contends that these Defendants are liable based on the conduct of their subordinates, Defendants Thomas, Knucles and Barroso. However, there is no respondeat superior liability under § 1983. See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, Plaintiff must allege that each Defendant, as a supervisor, "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Id. Here, no facts are alleged to establish supervisorial liability on the part of these Defendants. Accordingly, Plaintiff's supervisory liability claim against Defendants Hedgpeth, Parin, Asuncion and Walker is DISMISSED without prejudice.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. Plaintiff's complaint states a cognizable Eighth Amendment claim of deliberate indifference to his safety against Defendants Thomas, Knucles and Barroso.

2. Plaintiff's supervisory liability claim against Defendants Hedgpeth, Parin, Asuncion and Walker is DISMISSED without prejudice.

3. The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the complaint and all attachments thereto (docket no. 1) and a copy of this Order to **SVSP Sergeant M. Thomas; and Correctional Officers Kristi N. Knucles and M. Barroso.** The Clerk of the Court shall also mail a copy of the complaint and a copy of this Order to the State Attorney General's Office in San Francisco. Additionally, the Clerk shall mail a copy of this Order to Plaintiff.

4. Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure requires them to cooperate in saving unnecessary costs of service of the summons and complaint. Pursuant to Rule 4, if Defendants, after being notified of this action and asked by the Court, on behalf of Plaintiff, to waive service of the summons, fail to do so, they will be required to bear the cost of such service unless good cause be shown for their failure to sign

and return the waiver form.  If service is waived, this action will proceed as if Defendants had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), Defendants will not be required to serve and file an answer before **sixty (60) days** from the date on which the request for waiver was sent.  (This allows a longer time to respond than would be required if formal service of summons is necessary.)  Defendants are asked to read the statement set forth at the foot of the waiver form that more completely describes the duties of the parties with regard to waiver of service of the summons.  If service is waived after the date provided in the Notice but before Defendants have been personally served, the Answer shall be due **sixty (60) days** from the date on which the request for waiver was sent or **twenty (20) days** from the date the waiver form is filed, whichever is later.

     5.     Defendants shall answer the complaint in accordance with the Federal Rules of Civil Procedure.  The following briefing schedule shall govern dispositive motions in this action:

     a.     No later than **sixty (60) days** from the date their answer is due, Defendants shall file a motion for summary judgment or other dispositive motion.  The motion must be supported by adequate factual documentation, must conform in all respects to Federal Rule of Civil Procedure 56, and must include as exhibits all records and incident reports stemming from the events at issue.  A motion for summary judgment also must be accompanied by a Rand[2] notice so that Plaintiff will have fair, timely and adequate notice of what is required of him in order to oppose the motion.  Woods v. Carey, 684 F.3d 934, 935 (9th Cir. 2012) (notice requirement set out in Rand must be served concurrently with motion for summary judgment).  A motion to dismiss for failure to exhaust available administrative remedies must be accompanied by a similar notice.  However, the Court notes that under the *new* law of the circuit, in the rare event that a failure to exhaust is clear on the face of the complaint, Defendants may move for dismissal under Rule 12(b)(6) as opposed to the previous practice of moving under an unenumerated Rule 12(b) motion.  Albino v. Baca, No. 10-55702, slip op. at 4 (9th Cir. Apr. 3, 2014) (en banc) (overruling Wyatt v. Terhune, 315

---

[2] Rand v. Rowland, 154 F.3d 952 (9th Cir. 1998).

4

F.3d 1108, 1119 (9th Cir. 2003), which held that failure to exhaust available administrative remedies under the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a) (PLRA), should be raised by a defendant as an unenumerated Rule 12(b) motion). Otherwise if a failure to exhaust is <u>not</u> clear on the face of the complaint, Defendants must produce evidence proving failure to exhaust in a motion for summary judgment under Rule 56. Id. If undisputed evidence viewed in the light most favorable to Plaintiff shows a failure to exhaust, Defendants are entitled to summary judgment under Rule 56. Id. at 4-5. But if material facts are disputed, summary judgment should be denied and the district judge rather than a jury should determine the facts in a preliminary proceeding. Id. at 5, 10.

If Defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the Court prior to the date the summary judgment motion is due. All papers filed with the Court shall be promptly served on Plaintiff.

b.   Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than **twenty-eight (28) days** after the date on which Defendants' motion is filed.

c.   Plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradicts the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is

1 granted, your case will be dismissed and there will be no trial. Rand, 154 F.3d at 962-63.

2 Plaintiff also is advised that -- in the rare event that Defendants argue that the failure to exhaust is clear on the face of the complaint -- a motion to dismiss for failure to exhaust available administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end your case, albeit without prejudice. To avoid dismissal, you have the right to present any evidence to show that you did exhaust your available administrative remedies before coming to federal court. Such evidence may include: (1) declarations, which are statements signed under penalty of perjury by you or others who have personal knowledge of relevant matters; (2) authenticated documents -- documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers such as answers to interrogatories or depositions; (3) statements in your complaint insofar as they were made under penalty of perjury and they show that you have personal knowledge of the matters state therein. As mentioned above, in considering a motion to dismiss for failure to exhaust under Rule 12(b)(6) or failure to exhaust in a summary judgment motion under Rule 56, the district judge may hold a preliminary proceeding and decide disputed issues of fact with regard to this portion of the case. Albino, slip op. at 5, 10.

(The notices above do not excuse Defendants' obligation to serve similar notices again concurrently with motions to dismiss for failure to exhaust available administrative remedies and motions for summary judgment. Woods, 684 F.3d at 935.)

    d.    Defendants shall file a reply brief no later than **fourteen (14) days** after the date Plaintiff's opposition is filed.

    e.    The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

6. Discovery may be taken in this action in accordance with the Federal Rules of Civil Procedure. Leave of the Court pursuant to Rule 30(a)(2) is hereby granted to Defendants to depose Plaintiff and any other necessary witnesses confined in prison.

7. All communications by Plaintiff with the Court must be served on Defendants or their counsel (once designated) by mailing them a true copy of the document.

8. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Pursuant to Northern District Local Rule 3-11 a party proceeding pro se whose address changes while an action is pending must promptly file a notice of change of address specifying the new address. See L.R. 3-11(a). The Court may dismiss without prejudice a complaint when: (1) mail directed to the pro se party by the Court has been returned to the Court as not deliverable, and (2) the Court fails to receive within sixty days of this return a written communication from the pro se party indicating a current address. See L.R. 3-11(b).

9. Extensions of time are not favored, though reasonable extensions will be granted. Any motion for an extension of time must be filed no later than **fourteen (14) days** prior to the deadline sought to be extended.

IT IS SO ORDERED.

DATED: 5/5/14

*Saundra B Armstrong*
SAUNDRA BROWN ARMSTRONG
United States District Judge